Mark D. Mailman, Esq.
Joseph L. Gentilcore, Esq.
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
215-735-8600
mmailman@consumerlawfirm.com
jgentilcore@consumerlawfirm.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VICTORIA JONES FAIRLEY,** | Civil Action No. |
| **Plaintiff,** | |
| v. | **COMPLAINT** |
| **TD BANK USA,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Victoria Jones Fairley, against TD Bank USA (hereinafter "the Bank") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*. and the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. §§ 56:8-2, *et. seg*.

## JURISDICTION & VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

4. Plaintiff Victoria Jones Fairley is an adult individual residing in the State of Georgia.

5. Defendant TD Bank USA (hereinafter "the Bank") is a bank, credit card company, credit card servicer, and furnisher of consumer information to consumer reporting agencies, which regularly conducts business in the District of New Jersey and which has its headquarters located at 1701 Route 70 East, Cherry Hill, NJ 08034.

## FACTUAL ALLEGATIONS

6. In 2018, Plaintiff made payment arrangements with Defendant to payoff her credit card with Defendant.

7. The arrangement allotted for three payments to be directly withdrawn by Defendant from Plaintiff's bank account, with Defendant initiating and processing the withdraws.

8. Due to Defendant's faulty processes and procedures, Defendant altered Plaintiff's name on the direct withdraw request from "Victoria" to "Sendoria."

9. Plaintiff has never used the name "Sendoria" and has no accounts under that name.

10. Due solely to Defendant's revision of Plaintiff's name, the final payment of the arrangement was rejected, and as a result, Defendant's mistake haunted Plaintiff for the next five years.

11. Defendant failed to comply with its end of the arrangement, and failed to properly process the direct payments. *See Nolan by Nolan v. Lee Ho*, 577 A.2d 143, 146 (N.J. 1990) ("the non-breaching party is relieved of its obligations under the agreement").

12. Following Defendant's failed attempts to process a payment under the name Sendoria, Plaintiff reached out to Defendant in an attempt to remedy Defendant's error and make other arrangements for the last payment.

13. Despite Plaintiff's attempts, Defendant was unable to process the payment and refused additional payments from Plaintiff because it continued to believe that the underlying account belonged to an individual named "Sendoria."

14. The absurdity of the situation escalated when Defendant sued "Sendoria" in small claims court over the alleged debt in mid-2018.

15. Plaintiff was served with the lawsuit for Sendoria, and filed an answer detailed the issues.

16. In response, Defendant's attorneys acknowledge that it was an error caused by Defendant, agreed that Plaintiff did not owe the debt, and agreed to withdraw the lawsuit.

17. The lawsuit was withdrawn in late-2018.

18. But even then, Defendant was not done attempting to collect the debt from Sendoria, and began to report inaccurate and derogatory remarks on Plaintiff's credit report, and sending collection to Plaintiff, addressed to "Sendoria."

19. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness.

20. In response to the inaccurate credit reporting, Plaintiff began submitting written and telephone disputes to the consumer reporting agencies up through 2022, that were forwarded to Defendant for investigation.

21. Plaintiff separately submitted numerous telephone and written disputes directly to Defendant up through 2022.

22. In response to those disputes, Defendant failed to perform a proper investigation, failed to review the information and documentation that Plaintiff submitted, failed to follow up

with its attorneys in the collection matter, and instead, wrongfully verified the inaccurate and derogatory credit reporting to the consumer reporting agencies.

23. Notwithstanding Plaintiff's disputes, Defendant, furnisher of the inaccurate information, has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, and has willfully continued to report such inaccurate information to various credit reporting agencies.

24. Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations/reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

25. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

26. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

27. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – VIOLATIONS OF THE FCRA

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. At all times pertinent hereto Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

30. At all times pertinent hereto Defendant was a "furnisher" of credit information as defined by the FCRA.

31. Defendant violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

32. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## COUNT II – VIOLATIONS OF THE FCRA

33. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34. Defendant is a "person" as that terms is defined by N.J.S.A. § 56:8-1.

35. Plaintiff is a "person" as that term is used in N.J.S.A. § 56:8-19.

36. Defendant used unconscionable commercial practices, deception, and misrepresentations in connection with its attempts to collect the subject debt.

37. As described above, Defendant incorrectly changed Plaintiff's name to "Sendoria" attempted to make direct withdraws from Plaintiff's bank accounts using that false name, sued Plaintiff under that false name, and began reporting inaccurate information to the consumer reporting agencies. Additionally, Defendant continued its unlawful collection attempts after the

issue was explained to it on numerous occasions, and after its collection attorney agreed that Defendant was at fault and withdrew its collection lawsuit.

38. Defendant's acts and omissions detailed herein violate N.J.S.A. § 56:8-2.

39. Plaintiff has suffered significant harm, including financial, actual, and compensatory harm, as a direct result of Defendant's violation of N.J.S.A. § 56:8-2.

40. Pursuant to the CFA, Defendant is liable to the Plaintiff for engaging in prohibited acts, and misrepresenting Plaintiff's ability to pass the background check.

41. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

42. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Treble damages;

(e) Costs and reasonable attorney's fees; and

(f) Such other and further relief as may be necessary, just and proper.

**DESIGNATION OF TRIAL COUNSEL**

Plaintiff hereby designates Mark D. Mailman and Joseph L. Gentilcore as trial counsel in the above-captioned matter.

**ARBITRATION CERTIFICATION**

I, Mark D. Mailman, counsel of record do hereby certify pursuant to Local Civil Rule 201.1(d) that relief other than monetary damages is sought and that the damages sought are in excess of $150,000. I further certify that, to my knowledge, the within case is not the subject of any action, arbitration or administrative hearing now pending in any court.

Respectfully submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

BY:   /s/ *Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
JOSEPH L. GENTILCORE, ESQUIRE
1600 Market Street, Suite 2510
Philadelphia, PA 19103
(215) 735-8600

Dated: January 24, 2023                    *Attorneys for Plaintiff*